# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00033-CV

**Richard Velsor, Appellant**

**v.**

**Claire Elko, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. D-1-FM-11-001152, HONORABLE GUS STRAUSS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Richard Velsor filed a notice of appeal from the trial court's order in a suit to modify the parent-child relationship that was signed on August 27, 2014. In two issues on appeal, Velsor contends that (1) the evidence is insufficient to support the trial court's decision to appoint appellee Claire Elko as the sole managing conservator of the couple's child, J.V., and (2) the evidence is insufficient to support the trial court's award to Elko of $300 per month in child support and $1,500 in attorney's fees.

After Velsor filed his appellate brief, Elko's counsel informed this Court by letter that the parties had resolved their dispute. Although neither party has filed a copy of a written settlement agreement, a supplemental clerk's record reveals that on October 8, 2015, the trial court signed a modified order establishing the parent-child relationship. The modified order provides that "all orders in the final order entitled 'Order in Suit to Modify Parent-Child Relationship' rendered on

April 17, 2013, and signed on August 27, 2014, . . . are no longer in force and effect." The modified order also states that its terms have been agreed to by the parties and is signed by Velsor and Elko along with their attorneys.

We may not decide a case that has become moot during the pendency of the litigation. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012). "A case becomes moot when: (1) it appears that one seeks to obtain a judgment on some controversy, when in reality none exists; or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy." *Bexar Metro. Water Dist. v. City of Bulverde*, 234 S.W.3d 126, 131 (Tex. App.—Austin 2007, no pet.).

The August 2014 order that is the subject of this appeal has, in effect, been vacated by the trial court. In its modified order, the trial court has now appointed Velsor and Elko as joint managing conservators and ordered the parties to each pay their own attorney's fees and costs of court. Although the modified order again requires Velsor to pay $300 per month in child support, it appears that Velsor has now agreed to this term. Finally, despite several written inquiries from the Clerk of this Court, Velsor has not responded to Elko's assertion that the parties have fully settled this dispute. Based on the record before us, we conclude that there is no longer a justiciable controversy between the parties, and as such we dismiss this appeal as moot. *See* Tex. R. App. P. 43.2(f).

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Dismissed As Moot

Filed:   April 19, 2016

2